# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

GILBERTO SANCHEZ-FLOREZ,

        Defendant.

No. CR04-4006-MWB

**DETENTION ORDER**

---

This matter came on for detention hearing on January 18, 2006. Assistant United States Attorney John Lammers appeared on behalf of the plaintiff (the "Government"). The defendant Gilberto Sanchez-Florez appeared in person with his attorney, Robert Tiefenthaler.

The court must determine whether any condition or combination of conditions will reasonably assure Sanchez-Florez's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Sanchez-Florez as required and the safety of the community if the court finds there is probable cause to believe Sanchez-Florez committed

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject to rebuttal by Sanchez-Florez. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the Government summarized the evidence against the Defendant. Among other things, the court notes a warrant was outstanding for the defendant for nearly two years before he was located and arrested in this case. The defendant proffered that he lives in the Houston area with his wife, who is an illegal alien, and two children, ages 4 and 11, who are United States citizens. He also proffered that he has been working at his job for two years. However, although he was arrested at his job, he was unable to provide the court with the name of his employer. He has been a legal, permanent resident in the United States for twenty years. He has family in California. The Pretrial Services Report indicates the defendant does not have significant criminal history. He was found with drugs in Nevada in 2001, although he was not convicted.

The presumption that the defendant would be a flight risk arises from the charge itself – a serious drug charge involving the distribution of a significant quantity of metham-phetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing

*United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)).

The court finds the defendant's proffer is insufficient to overcome the presumption that he would be a flight risk, if released. He is charged with distributing significant amounts of methamphetamine in this district. He has several brothers who were charged in the same conspiracy, and the court finds it improbable the defendant did not know law enforcement was seeking him for the past two years. His wife is an illegal alien, and the defendant allegedly has been involved in drug crimes in different locations in the United States, and in transporting drugs across the United States. The court finds the presumption of flight mandates detention.

The court specifically makes no finding regarding dangerousness at this time.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Sanchez-Florez is a flight risk, and orders as follows:

1.     Sanchez-Florez is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Attorney General shall afford Sanchez-Florez reasonable opportunity for private consultation with counsel while detained.

3.     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Sanchez-Florez to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

(a)    Attach a copy of the release/detention order to the appeal;

(b)    Promptly secure a transcript.

5.    There is *no automatic stay* of this Order.  Therefore, Sanchez-Florez must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 18th day of January, 2006.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT